IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LLOYD MARTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case № 2:19-CV-02138-DDC-GEB |
| ) | |
| CITY OF BASEHOR, KANSAS, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO QUASH SUBPOENAS AND FOR ENTRY OF PROTECTIVE ORDER AND INCORPORATED SUGGESTIONS IN SUPPORT

COMES NOW, Defendant City of Basehor, Kansas, by and through its counsel of record, Michelle R. Stewart, of Hinkle Law Firm, LLC, and pursuant to Fed.R.Civ.Pro. 26(c) and Rule 45(d)(3)(A)(iii), hereby moves to quash the subpoena for the business records of third-parties noticed to be issued by Plaintiff on or about May 12, 2020. The proposed subpoenas are directed to Post Rock Rural Water District (DOC. #36) and Water District No. 7, Gardner, Kansas (DOC. #37), and request the production of documents related to a non-party to this litigation. In support of the Motion to Quash and for Protective Order, the City offers the following supporting arguments and authorities:

### Background

Plaintiff was employed with the City of Basehor from 1994 until his retirement in 2018. Plaintiff served as a police officer until he was promoted in 2008 to Police Chief for the City. During his employment, the City experienced vacancies in its City Administrator position, during which periods the Plaintiff served as Interim City Administrator. He served in that role in both 2009 and 2011. In 2014, the City formally adopted a resolution naming Plaintiff as City Administrator.

3233857

At all times he served as City Administrator, Plaintiff was to prioritize his duties as Chief of Police, turning to the duties of City Administrator secondarily and in a manner that did not compromise his performance as Chief of Police. He served in these roles until he announced his retirement from the City in 2018.

Following Plaintiff's retirement, the City began a search for a full-time City Administrator. The City hired Leslee Rivarola as full-time City Administrator on January 16, 2019. Ms. Rivarola continues to serve as City Administrator for the City of Basehor at the present time.

Plaintiff's sole cause of action against the City is for discrimination under the Equal Pay Act. Plaintiff contends that the City compensated Ms. Rivarola at a rate higher than Plaintiff because she is a female. In other words, Plaintiff alleges that as a male, he was paid less than the female that was hired to serve in the role as City Administrator after Plaintiff voluntarily retired from the position. To establish a prima facie case under the EPA, a plaintiff must demonstrate "that employees of the opposite sex were paid differently for performing substantially equal work." *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1311 (10th Cir. 2006).

## The Subpoena's

City Administrator, Leslee Rivarola owns and operates RR Municipal Advisory Services, LLC. She operated this business prior to her employment with the City of Basehor. The City of Basehor expressly acknowledged Ms. Rivarola's business as a going concern when it offered her employment and her employment agreement, set out in public Resolution No. 2019-02. In fact, the City specifically authorized and approved Ms. Rivarola to continue her consulting business. (See Section 13. Outside activities). Post Rock Rural Water District and Water District No. 7, Gardner, Kansas are two of RR Consulting's clients.

3233857

On May 9, 2020, Plaintiff requested that this Court issue Subpoenas to Produce Documents on Post Rock Rural Water District and Water District No. 7, Gardner, Kansas. (DOC ## 36 and 37). The Subpoenas ask both entities to produce documents and/or information regarding:

(1) the amount of time spent by CONSULTANTS [Leslie [sic] Rivarola and/or RR Municipal Advisory Services, LLC from January of 2019 through the present;
(2) the amount of money owed by you to CONSULTANTS for such services from January 2019 to the present;
(3) a description of the services performed for you by CONSULTANTS from January 2019 to the present.

The Subpoenas seek information about a non-party, i.e., Ms. Rivarola's consulting business, RR Municipal Advisory Services, LLC. They seek documents and information *from a non-party about a non-party*. Nothing in the requested documents would have any bearing on **the City's** decision regarding Ms. Rivarola's compensation at the time of hiring as compared to Plaintiff's compensation. In addition, the Subpoenas seek information including work done and money paid during the time Ms. Rivarola has been serving as City Administrator – not from a time when the City was determining what to pay Ms. Rivarola when it hired her. The City has an interest in protecting its employees, namely the City Administrator, from harassment and intimidation and therefore has standing to object to the issuance of the Subpoenas. The Subpoenas do not seek admissible evidence nor will they lead to the discovery of admissible evidence and therefore should not be issued.

**Entry of a Protective Order Is Required to Protect
RR Municipal Advisory Services, LLC and Leslee Rivarola from Harassment.**

Because the Subpoenas do not seek any documents or information that would be admissible or relevant to support any contention made by Plaintiff against the City, it is apparent that the Subpoenas have been prepared and served for the sole purpose of harassing the current City Administrator, Ms. Rivarola. Despite the broad scope of permissible discovery, the court may enter

3233857

protective orders totally prohibiting certain discovery or limiting the scope of discovery to certain matters. Fed.R.Civ.P. 26(c)(1)(d).  The Court "may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "[A] party is entitled to request a protective order to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery."  *Caldwell v. Life Ins. Co. of N. Am.,* 165 F.R.D. 633, 637 (D.Kan.1996).  The party seeking the protective order has the burden to show good cause for entering the same. To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S., 89, 102n.16 (1981).

     RR Municipal Advisory Services, LLC is not a party to this lawsuit nor is it controlled by any party to the suit.  The City of Basehor made the decision to hire Ms. Rivarola and made the decision as to her compensation from the City.  Monies earned by RR Municipal Advisory Services, LLC are not relevant to any EPA claim because they are not income or compensation from the City of Basehor.  Plaintiff cannot state any reason why it is necessary to obtain documents or information from a third party about a third party to support his claims in this lawsuit. The only logical conclusion to seeking information about Ms. Rivarola's personal consulting business is to harass, embarrass or annoy Ms. Rivarola – a non-party to this action.

     Undersigned counsel consulted with Plaintiff's counsel via telephone on March 11, 2020 to discuss the issuance of a Protective Order to prevent harassment of Ms. Rivarola, RR Municipal Advisory Services, LLC and its clients.  Plaintiff's counsel disagreed and maintained that the information sought by the Subpoenas is discoverable information.

     Subpoenas issued to clients of RR Municipal Advisory Services, LLC will have an adverse impact on RR Municipal Advisory Services, LLC's business relationship with its clients if its

clients are forced to participate in discovery or respond to Subpoenas in this action. The Subpoenas seek information that is outside of appropriate discovery. Likewise, a Protective Order should be issued as to any information from RR Municipal Advisory Services, LLC. Documents, information related to assets, monetary compensation, client lists or business services provided has no bearing on Plaintiff's claims, is neither relevant nor would it lead to the discovery of admissible evidence. Therefore, the City of Basehor requests a Protective Order be issued to prevent Plaintiff from seeking documents/information directly from RR Municipal Advisory Services, LLC and/or any client of RR Municipal Advisory Services, LLC regarding monies earned by or services provided by Leslee Rivarola.

WHEREFORE, the City of Basehor hereby moves the Court for relief as to the Subpoenas issued herein, specifically that the Subpoenas be quashed and that a Protective Order be entered to prevent Plaintiff from further inquiries as to RR Municipal Advisory Services, LLC or any of its clients with respect to services provided or monies earned by Leslee Rivarola.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832


By: /S/ Michelle R. Stewart
    Michelle R. Stewart, mstewart@hinklaw.com   #19260
    Jennifer R. Johnson, jjohnson@hinklaw.com   #22096

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12 day of May, 2020, the foregoing MOTION TO QUASH SUBPOENAS AND FOR ENTRY OF PROTECTIVE ORDER AND INCORPORATED SUGGESTIONS IN SUPPORT was filed electronically with the Clerk of the US District Court for the District of Kansas; and a service copy was served electronically on the following:

Patrick G. Reavey, #17291 (preavey@reaveylaw.com)
Kevin Koc, #24953 (kkoc@reaveylaw.com)
REAVEY LAW, LLC
1600 Genessee, Suite 203
Livestock Exchange Building
Kansas City, Missouri 64102
816-474-6300 / Fax: 816-474-6302
*Attorneys for Plaintiff*

                                           */S/ Michelle R. Stewart*
                                           ATTORNEYS FOR DEFENDANT

3233857