IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYD MARTLEY,

    Plaintiff,

v.

CITY OF BASEHOR, KANSAS, et al.,

    Defendants.

Case No. 19-2138-DDC-GEB

## MEMORANDUM AND ORDER

Plaintiff Lloyd Martley filed an Objection to the Magistrate Judge's Order Granting Motion to Quash and Entry of Protective Order (Doc. 64). Plaintiff's brief argues that Judge Birzer clearly erred and acted contrary to law by quashing subpoenas and entering a protective order (Doc. 61) for non-parties, Post Rock Rural Water District and Water District No. 7, Gardner, Kansas. Doc. 64. Defendant City of Basehor, Kansas filed a Response (Doc. 68) and plaintiff filed a Reply (Doc. 74). The court considers the parties' arguments and denies plaintiff's Objection to the Magistrate Judge's Order Granting Motion to Quash and Entry of Protective Order (Doc. 64).

As plaintiff correctly notes, a party appealing a magistrate judge's non-dispositive Order to a district judge must demonstrate that the former's decision either is "contrary to law" or "clearly erroneous." Doc. 64 at 4 n.9 (quoting *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 453 (D. Kan. 2004) (discussing Fed. R. Civ. P. 72(a)). The contrary to law standard focuses on legal determinations the magistrate judge made in her decision. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007). The clearly erroneous prong requires the appealing party to leave the district judge "with the definite

and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). Here, plaintiff satisfies neither prong of Rule 72's standard.

Plaintiff has not shown that Magistrate Judge Birzer applied the wrong legal standard. Indeed, she applied the standard explicitly adopted by the governing rule of civil procedure:

> Rule 26(b)(1) outlines the scope of discovery. This rule permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

*See* Doc. 61 at 5 (accurately quoting Fed. R. Civ. P. 26(b)(1)). Judge Birzer also adopted the applicable standard by the governing rule of civil procedure when a party seeks discovery outside the scope of Fed. R. Civ. P. 26(b)(1):

> Rule 26(b)(2)(C) provides "[o]n motion or *on its own*, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

*Id.* at 8 (accurately quoting Fed. R. Civ. P. 26(b)(2)(C) (emphasis added)). Also, Judge Birzer correctly selected and applied our district's caselaw explaining the above standards on proposed discovery: "[W]hen relevancy is not apparent on the face of the request, the party seeking discovery has the burden to show relevancy." *Id.* (correctly citing *Johnson ex rel. Johnson v. Olathe Dist. Schs.*, 212 F.R.D. 582, 586 (D. Kan. 2003)). Here, Judge Birzer correctly noted plaintiff bore the burden to show relevancy of the documents he subpoenaed from two of Leslie Rivarola's "independent consulting business" clients—Post Rock Rural Water District and Water District No. 7, Gardner, Kansas (Doc. 61 at 2). Doc. 61 at 8. Ms. Rivarola is defendant's new City Administrator. Doc. 61 at 2. In this lawsuit, plaintiff asserts an Equal Pay Act ("EPA")

claim against defendant, alleging that it paid Ms. Rivarola more in benefits in wages than he previously was paid for performing the same role, duties, and functions. *Id.* Plaintiff alleges Judge Birzer applied the wrong legal standard when granting the motion to quash subpoenas because defendant should shoulder the burden to prove the discovery sought is not relevant to any claim. Doc. 64 at 6 (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)). But, plaintiff ignores Judge Birzer's analysis. She determined the subpoena requests did not appear facially relevant, which shifted the burden of proving relevance to the requesting party to plaintiff, as the requesting party. *See* Doc. 64 at 5–6, 18 (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)); *Johnson*, 212 F.R.D. at 586. And, Judge Birzer concluded plaintiff had failed to shoulder that burden. *Id.* at 8. Thus, plaintiff fails to establish Judge Birzer's Order applied legal principles that are contrary to law.

This leaves Rule 72's other option—the "clearly erroneous" prong. The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp.*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Plaintiff hasn't come close to convincing the court that he has made this showing.

Plaintiff argues quashing his subpoenas "clearly is unfair to [plaintiff] and hampers his ability to meet his prima facie case of showing he and [Ms.] Rivarola performed substantially the same role and duties." Doc. 64 at 5. As noted by plaintiff, an employee establishes a prima facie case of wage discrimination under the EPA "by showing that 'the employer pays different wages to employees of the opposite sex for substantially equal work.'" *Id.* at 5 n.11 (quoting *Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020)). Plaintiff alleges "the Court, in essence, is permitting [defendant] to mount a defense (of alleged dissimilar work) based on [plaintiff]'s

3

*outside* work but then foreclosing [plaintiff] from meeting that defense by probing the extent of [Ms.] Rivarola's *outside* work," which is unfair and hampers his ability to meet his prima facie case. *Id.* at 5.

Judge Birzer found that plaintiff had failed to explain why discovery into Ms. Rivarola's independent consulting business *clients*—non-parties—related to plaintiff's claim under the Equal Pay Act against defendant, the City of Basehor. Doc. 61 at 8. Judge Birzer considered plaintiff's argument that the subpoenas directed to Ms. Rivarola's consulting business clients are relevant because "[defendant] repeatedly refers to [plaintiff] as a 'part time city administrator,' suggesting it was not possible for him to fulfill the duties of City Administrator given his additional duties as City Police Chief." *Id.* at 4. But, she determined "[t]his case involves whether, based on sex, Plaintiff was compensated less than [Ms.] Rivarola for performing the same City Administrator functions." *Id.* at 8. And Judge Birzer reasoned: "[T]he subpoenas request information having nothing to do with Ms. Rivarola's work or compensation as City Administrator." *Id.* Instead, they seek "information regarding her independent consulting business." *Id.* Judge Birzer noted discovery seeking information about "[h]ow many hours [Ms.] Rivarola worked and the compensation she received while performing her City Administrator duties" would be relevant "and such information can be sought at Ms. Rivarola's deposition or through a document request from the City." *Id.*

Plaintiff's Objection fails to explain how Judge Birzer erred by concluding that information sought from clients of Ms. Rivarola's private, independent consulting business, is relevant to plaintiff's claim against defendant. The court agrees with Judge Birzer's finding that discovery about Ms. Rivarola's performance and hours as City Administrator is relevant. *See* Doc. 61 at 8. But, the court is not persuaded by plaintiff's argument that subpoenas issued to

4

Ms. Rivarola's clients from her independent consulting business would produce relevant information on plaintiff's claim. Judge Birzer's Order is not clearly erroneous.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Objection to the Magistrate Judge's Order Granting Motion to Quash and Entry of Protective Order (Doc. 64) is denied.

**IT IS SO ORDERED**

Dated this 7th day of October, 2020, at Kansas City, Kansas.

                                          **s/Daniel D. Crabtree_____**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**