# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LLOYD MARTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case № 2:19-CV-02138-DDC-GEB |
| ) | |
| CITY OF BASEHOR, KANSAS, ) | |
| and DAVID BREUER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, by and through their counsel of record, provide the following responses and objections to Plaintiff's Second Request for Production of Documents:

**REQUESTS FOR PRODUCTION**

1. Any and all documents, notes, recordings, emails, texts and/or other electronic communications not yet produced to Plaintiff in this case which were: (a) created, received, sent, and/or exchanged by either of the Defendants during the time period of February 6, 2019 through the present, and (b) include any reference to and/or discussion of the reporting of Plaintiff's City income to Kansas Police and Firefighter Fund (i.e. Plaintiff's retirement account) by Plaintiff and/or the City of Basehor.

**RESPONSE**: Objection. This Request seeks attorney-client communications.  Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. #24). Non-privileged documents are attached as CITY003539 thru CITY003543.

2. Any documents, emails, texts, or other electronic communications (hereafter "RESPONSIVE HITS") which have not yet been produced to Plaintiff in this case and which were are responsive to electronic searches [structured to identify anything with the terms of "Martley"

3469941

or Lloyd" and "KPF" or "KP&F" or "Kansas Police and Firefighter Fund" or "Kansas Police & Firefighter Fund" or "Kansas Police and Firefighters Fund" or "Kansas Police & Firefighters Fund"[1] with a creation date during the time period of February 6, 2019 through August 12, 2020] to be conducted on any mobile phones, computers, hard-drives, servers, or other electronic devices[2] used for any City business or work purposes by: (a) any person who was a City elected official at any time during February 6, 2019 through August 12, 2020, and (b) City Attorney Shannon Marcano, City Administrator Leslee Rivarola, and City Clerk Kathy Renn.[3]

**RESPONSE: Objection. Defendant objects to this request because it is overly broad, unduly burdensome, and because it is not a request authorized by Federal Rule of Civil Procedure 34. Specifically, Rule 34 authorizes the parties to seek "any designated documents or electronically stored information", it does not authorize a party to request a search of ESI in the manner requested here. Pursuant to Rule 34(b), the request "must describe with reasonable particularity each item or category of items requested", but does not authorize the content of a request to specify a search. To the extent Plaintiff is seeking a specific category of documents, that category of documents should be identified as required. If there are responsive documents that are stored electronically, then the parties may meet and confer regarding appropriate search terms, custodians, etc., given the proportional needs of the case. It is not, however, proper for the Plaintiff to unilaterally dictate the scope of an electronic search by making the results of the search the subject of a document request.**

**Defendants also object that this Request seeks attorney-client communications. Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. No. 24, ¶g (4)).**

---

[1] If Defendants believe that using these search terms will result in voluminous false hits (i.e. identifying communications completely unrelated to Plaintiff), then Plaintiff's counsel requests that defense counsel confer with Plaintiff's counsel about this issue (before the deadline for producing documents) so alternate search terms or other limits can be used to avoid production of communications unrelated to Plaintiff.

[2] The intent of this Request, and other Requests using similar verbiage, is that if a device is used by someone described by the Request, the entire device will be searched by Defendants for responsive documents using the specified search terms, not just a segment of the device. Regarding email searches, though, this Request, and other Requests using the same verbiage, should be conducted across the email accounts and folders (as they exist on the email server) of any people described in the Request.

[3] Plaintiff specifically requests that, for each RESPONSIVE HIT, Defendants indicate what specific electronic device it was located on.

3469941

**Defendants object that this Request as it seeks information that is not in the control of Defendants in that it requests searches of personal mobile phones, computers and emails of non-parties, namely City Council Members and City Attorney Shannon Marcano.**

**Without waiving these objections, Defendants produce the following non-privileged documents in their possession: CITY003544 thru CITY003688.**

3. For the time period of February 6, 2019 through the trial of this case, all documents and/or communications exchanged with, between or among the City of Basehor (and/or any of its elected officials or employees), the Leavenworth County, Kansas Sheriff's Office, the Kansas Attorney General's Office, the Kansas Public Employees Retirement System, and the Kansas Police and Firefighter Fund and which documents and/or communications include any reference to and/or discussion of Plaintiff, and/or reporting of Plaintiff's City income to Kansas Police and Firefighter Fund (i.e. Plaintiff's retirement account) by Plaintiff and/or the City of Basehor.

**RESPONSE: Objection. This Request seeks attorney-client communications. Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. No. 24 ¶g (4)).**

**Without waiving these objections, Defendants produce the following non-privileged documents in their possession: see Response to Request #2, above, and CITY003689 thru CITY003715 produced herewith.**

4. For the time period of February 6, 2019 through the trial of this case, all documents and/or communications exchanged with, between or among the City of Basehor's agent Michelle Stewart (and/or anyone at her law firm), the Leavenworth County, Kansas Sheriff's Office, the Kansas Attorney General's Office, the Kansas Public Employees Retirement System, and the Kansas Police and Firefighter Fund and which documents and/or communications include any reference to and/or discussion of Plaintiff, and/or reporting of Plaintiff's City income to Kansas Police and Firefighter Fund (i.e. Plaintiff's retirement account) by Plaintiff and/or the City of Basehor.

3469941

**RESPONSE**: **Objection. Defendant objects to this request because it specifically seeks communications by Defendants' attorney with third-parties that were generated in connection with her investigation of this litigation, specifically the amended claims set forth in the proposed and eventually filed First Amended Complaint. These documents are protected by the work-product doctrine.**

**Without waiving these objections, Defendants do not have any documents that are responsive to this Request.**

5. For the time period of February 6, 2019 through the trial of this case, all documents and/or communications exchanged between or among the City of Basehor's City Attorney Shannon Marcano (and/or anyone at her law firm), the Leavenworth County, Kansas Sheriff's Office, the Kansas Attorney General's Office, the Kansas Public Employees Retirement System, and the Kansas Police and Firefighter Fund and which documents and/or communications include any reference to and/or discussion of Plaintiff, and/or reporting of Plaintiff's City income to Kansas Police and Firefighter Fund (i.e. Plaintiff's retirement account) by Plaintiff and/or the City of Basehor.

**RESPONSE**: **Objection. Defendant objects to this request because it specifically seeks communications by Defendants' attorney with third-parties that were generated in connection with her investigation of this litigation, specifically the amended claims set forth in the proposed and eventually filed First Amended Complaint. These documents are protected by the work-product doctrine.**

**Without waiving these objections, Defendants produce the following non-privileged communications in their possession: See Response to Request #2 above.**

6. All documents, emails, texts, or other electronic communications possessed by or under the control of Defendants, City of Basehor elected officials, employees, agents, servants, persons and/or entities retained by Defendants, and all other persons acting on the City's behalf, which are about and/or memorialize the criteria or considerations used by either of the Defendants which resulted in the decision to provide information to the Leavenworth County Sheriff's

Department about Plaintiff's alleged improper reporting of his City income to the Kansas Police and Firefighters Fund (i.e. Plaintiff's retirement account).

**RESPONSE: Objection. This Request seeks attorney-client communications. Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. No. 24 ¶g (4)). Subject to and without waiving the same, Defendants do not have any non-privileged responsive documents other than what has been produced in response to Plaintiff's Second Requests for Production of Documents.**

7. For each of the time periods that Plaintiff served as Basehor City Administrator, all documents, emails, texts, or other electronic communications possessed by or under the control of Defendants, City of Basehor elected officials, employees, agents, servants, persons and/or entities retained by Defendants, and all other persons acting on the City's behalf, which are about and/or memorialize the communications between Plaintiff and representatives of the Kansas Police and Firefighters Fund which are referenced in Paragraphs 40 and 41 of the First Amended Complaint, and/or any communications or writings by current or former City elected officials or employees (including, but not limited to, those referenced in Paragraph 46 of the First Amended Complaint) referencing the communications or information contained within Paragraphs 40 and 41 of the First Amended Complaint.

**RESPONSE: Objection. This Request seeks attorney-client communications. Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. No. 24 ¶g (4)). Defendants further object that this Request is overly broad and not limited in time and scope.**

**In further responding, the City affirmatively states that at the time Plaintiff resigned his employment with the City of Basehor, he deleted everything from his City computer including all emails, documents and correspondence. Moreover, he directed the City's IT provider, NetStandard to set the City servers to permanently delete after 30 days. So any communications on Plaintiff's computer no longer exist based on Plaintiff's conduct prior to resigning.**

**Subject to and without waiving the same, see CITY003716 thru CITY003721, produced herewith.**

8. For all documents that are responsive to any of the above requests but Defendants have withheld them as being privileged, please produce a privilege log compliant with requirements set out by District of Kansas cases, and indicate which requests such withheld documents are responsive to.

**RESPONSE**: **Objection. This Request seeks a privilege log for attorney-client communications. Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. No. 24 ¶g (4)).**

        Respectfully submitted,

        HINKLE LAW FIRM LLC
        8711 Penrose Lane, Suite 400
        Lenexa, Kansas 66219-8197
        913-345-9205/ FAX: 913-345-4832


        By: */S/ Michelle R. Stewart*
           Michelle R. Stewart, mstewart@hinklaw.com  #19260
           Suzanne R. Bruss, sbruss@hinklaw.com  #22959

        ATTORNEYS FOR DEFENDANTS