# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LLOYD MARTLEY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case № 2:19-CV-02138-DDC-GEB |
| ) | |
| CITY OF BASEHOR, KANSAS, ) | |
| and DAVID BREUER, ) | |
|     Defendant. ) | |

### DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, by and through their counsel of record, provide the following responses and objections to Plaintiff's Second Request for Production of Documents:

### REQUESTS FOR PRODUCTION

2. Any documents, emails, texts, or other electronic communications (hereafter "RESPONSIVE HITS") which have not yet been produced to Plaintiff in this case and which were are responsive to electronic searches [structured to identify anything with the terms of "Martley" or Lloyd" and "KPF" or "KP&F" or "Kansas Police and Firefighter Fund" or "Kansas Police & Firefighter Fund" or "Kansas Police and Firefighters Fund" or "Kansas Police & Firefighters Fund"[1] with a creation date during the time period of February 6, 2019 through August 12, 2020] to be conducted on any mobile phones, computers, hard-drives, servers, or other electronic devices[2] used for any City business or work purposes by: (a) any person who was a City elected

---

[1] If Defendants believe that using these search terms will result in voluminous false hits (i.e. identifying communications completely unrelated to Plaintiff), then Plaintiff's counsel requests that defense counsel confer with Plaintiff's counsel about this issue (before the deadline for producing documents) so alternate search terms or other limits can be used to avoid production of communications unrelated to Plaintiff.

[2] The intent of this Request, and other Requests using similar verbiage, is that if a device is used by someone described by the Request, the entire device will be searched by Defendants for responsive documents using the specified search terms, not just a segment of the device. Regarding email searches, though, this Request, and

official at any time during February 6, 2019 through August 12, 2020, and (b) City Attorney Shannon Marcano, City Administrator Leslee Rivarola, and City Clerk Kathy Renn.[3]

**SUPPLEMENTAL RESPONSE:**
**Defendants object that this Request seeks attorney-client communications. Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. No. 24, ¶g (4)). Without waiving this Objection, Defendants offer the attached Privilege Log of emails withheld based on Attorney-Client Privilege from February 6, 2019 to June 5, 2020, when Plaintiff first asserted claims for retaliation. Defendants specifically object to any discussions between counsel and Defendants after June 5, 2020, when Plaintiff first asserted Retaliation by way of email from his attorney. These are presumptively privileged and nonresponsive given active litigation as contemplated by the Court's Scheduling Order. To log each correspondence between attorney and client that contain these search terms is unduly burdensome.**

**Defendants object that this Request as it seeks information that is not in the control of Defendants in that it requests searches of personal mobile phones, computers and emails of non-parties, namely City Council Members and City Attorney Shannon Marcano. Without waiving this objection, the City Council Members and City Attorney have conducted the requested search and all responsive documents have been produced previously at CITY003544 thru CITY003688.**

**Further, without waiving these objections, Defendants previously produced the following non-privileged documents in their possession: CITY003544 thru CITY003688.**

3. For the time period of February 6, 2019 through the trial of this case, all documents and/or communications exchanged with, between or among the City of Basehor (and/or any of its elected officials or employees), the Leavenworth County, Kansas Sheriff's Office, the Kansas Attorney General's Office, the Kansas Public Employees Retirement System, and the Kansas Police and Firefighter Fund and which documents and/or communications include any reference

---

other Requests using the same verbiage, should be conducted across the email accounts and folders (as they exist on the email server) of any people described in the Request.

[3] Plaintiff specifically requests that, for each RESPONSIVE HIT, Defendants indicate what specific electronic device it was located on.

3469941

Page 2 of 5

to and/or discussion of Plaintiff, and/or reporting of Plaintiff's City income to Kansas Police and Firefighter Fund (i.e. Plaintiff's retirement account) by Plaintiff and/or the City of Basehor.

**SUPPLEMENTAL RESPONSE: Defendants have produced all responsive documents in Response to Request #2, above, and CITY003539 thru CITY003715 previously produced.**

4.  For the time period of February 6, 2019 through the trial of this case, all documents and/or communications exchanged with, between or among the City of Basehor's agent Michelle Stewart (and/or anyone at her law firm), the Leavenworth County, Kansas Sheriff's Office, the Kansas Attorney General's Office, the Kansas Public Employees Retirement System, and the Kansas Police and Firefighter Fund and which documents and/or communications include any reference to and/or discussion of Plaintiff, and/or reporting of Plaintiff's City income to Kansas Police and Firefighter Fund (i.e. Plaintiff's retirement account) by Plaintiff and/or the City of Basehor.

**SUPPLEMENTAL RESPONSE: See CITY003837 to CITY004340 produced herewith.**

5.  For the time period of February 6, 2019 through the trial of this case, all documents and/or communications exchanged between or among the City of Basehor's City Attorney Shannon Marcano (and/or anyone at her law firm), the Leavenworth County, Kansas Sheriff's Office, the Kansas Attorney General's Office, the Kansas Public Employees Retirement System, and the Kansas Police and Firefighter Fund and which documents and/or communications include any reference to and/or discussion of Plaintiff, and/or reporting of Plaintiff's City income to Kansas Police and Firefighter Fund (i.e. Plaintiff's retirement account) by Plaintiff and/or the City of Basehor.

**SUPPLEMENTAL RESPONSE: All responsive documents have been produced at: CITY003544 thru CITY003715.**

6. All documents, emails, texts, or other electronic communications possessed by or under the control of Defendants, City of Basehor elected officials, employees, agents, servants, persons and/or entities retained by Defendants, and all other persons acting on the City's behalf, which are about and/or memorialize the criteria or considerations used by either of the Defendants which resulted in the decision to provide information to the Leavenworth County Sheriff's Department about Plaintiff's alleged improper reporting of his City income to the Kansas Police and Firefighters Fund (i.e. Plaintiff's retirement account).

**SUPPLEMENTAL RESPONSE: Objection. This Request seeks attorney-client communications. Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. No. 24 ¶g (4)).**

**Subject to and without waiving the same, Defendants do not have any non-privileged responsive documents other than what has been produced in response to Plaintiff's Second Requests for Production of Documents. Defendants specifically object to any discussions between counsel and Defendants after June 5, 2020, when Plaintiff first asserted Retaliation by way of email from plaintiff's counsel. These are presumptively privileged and nonresponsive given active litigation as contemplated by the Court's Scheduling Order. To log each correspondence between attorney and client that contain these search terms is unduly burdensome.**

7. For each of the time periods that Plaintiff served as Basehor City Administrator, all documents, emails, texts, or other electronic communications possessed by or under the control of Defendants, City of Basehor elected officials, employees, agents, servants, persons and/or entities retained by Defendants, and all other persons acting on the City's behalf, which are about and/or memorialize the communications between Plaintiff and representatives of the Kansas Police and Firefighters Fund which are referenced in Paragraphs 40 and 41 of the First Amended Complaint, and/or any communications or writings by current or former City elected officials or employees (including, but not limited to, those referenced in Paragraph 46 of the First Amended Complaint)

referencing the communications or information contained within Paragraphs 40 and 41 of the First Amended Complaint.

**SUPPLEMENTAL RESPONSE:** All responsive documents in the City's possession were previously produced at CITY003716 thru CITY003721.  At the time Plaintiff resigned his employment with the City of Basehor, he deleted everything from his City computer including all emails, documents and correspondence.  The City's IT Provider NetStandard has informed the City that the City did not archive emails, so if they were deleted by the user, they were permanently deleted from the servers after 30 days, so any communications on Plaintiff's computer no longer exist based on Plaintiff's conduct prior to resigning.

8. For all documents that are responsive to any of the above requests but Defendants have withheld them as being privileged, please produce a privilege log compliant with requirements set out by District of Kansas cases, and indicate which requests such withheld documents are responsive to.

**RESPONSE:** Objection. This Request seeks a privilege log for attorney-client communications.  Pursuant to the Court's Scheduling Order, these communications are presumptively privileged and nonresponsive to any discovery and no privilege log is necessary. (Doc. No. 24 ¶g (4)).

**SUPPLEMENTAL RESPONSE:** Although specifically not required by the Scheduling Order, see the attached Privilege Log for from February 6, 2019 to June 5, 2020, when Plaintiff first asserted claims for retaliation. Defendants specifically object to any discussions between counsel and Defendants after June 5, 2020, when Plaintiff first asserted Retaliation by way of email from his attorney.  These are presumptively privileged and nonresponsive given active litigation as contemplated by the Court's Scheduling Order.  To log each correspondence between attorney and client that contain these search terms is unduly burdensome.

    Respectfully submitted,

    HINKLE LAW FIRM LLC
    8711 Penrose Lane, Suite 400
    Lenexa, Kansas 66219-8197
    913-345-9205/ FAX: 913-345-4832

    By: */S/ Michelle R. Stewart*
        Michelle R. Stewart, mstewart@hinklaw.com   #19260
        Suzanne R. Bruss, sbruss@hinklaw.com   #22959
        ATTORNEYS FOR DEFENDANTS