## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LLOYD MARTLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-2138-DDC-GEB** |
| | ) | |
| **CITY OF BASEHOR, KANSAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The matter comes before the Court on Defendant City of Basehor, Kansas' Motion for Protective Order **(ECF No. 174)**. On March 12, 2021, Plaintiff filed its Rule 30(b)(6) Notice of Deposition ("Notice") to take the deposition of Defendant City of Basehor, Kansas (the "City").[1] The Notice sets forth eleven topics (A-K) for the City to designate one or more persons to testify about. The City objected to the proposed deposition and topics. The parties being unable to resolve the objections, the City filed the instant motion. The motion is fully briefed. On May 24, 2021, the Court heard oral argument. After careful consideration of all briefing and hearing arguments from counsel, the Court orally **GRANTED IN PART** and **DENIED IN PART** Defendant's motion. This Order memorializes the Court's rulings from the hearing.

---

[1] ECF No. 167. The Notice was later amended (ECF No. 173) to change the location of the deposition but there were no changes to the deposition topics.

## I.      Background[2]

The Court set out an extended recitation of the case background in its Memorandum and Order on Plaintiff's motion to compel heard the same date as the current motion.[3] Thus, it will not be repeated here. Suffice it to say, due to the contentious nature of this case, and the fact that is has created such a level of distrust among the parties, the corporate representative deposition at issue will be held at the courthouse so the undersigned will be available to resolve the inevitable disputes. A brief background of the case is set forth below.

On March 12, 2019, Plaintiff, Lloyd Martley filed a Complaint against the City alleging violation of the Equal Pay Act ("EPA") by paying disparate benefits and wages to his successor, a woman, and retaliating against him for raising the issue. Plaintiff amended his complaint to add City Mayor, David Breuer ("Mayor"), and City Administrator, Leslee Rivarola ("City Administrator" or "Rivarola"), in their individual capacities.

Both the City and the Mayor deny they violated the EPA, primarily contending Plaintiff, because he served as Police Chief, only served as a part-time city administrator, and therefore did not perform work substantially equal to that of Rivarola. They also deny having retaliated against Plaintiff. The City Administrator moved to dismiss the claims

---

[2] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), Third Amended Complaint (ECF No. 150), the Answers (ECF Nos. 4, 153), and City Administrator's Motion to Dismiss (ECF No. 154). This background information should not be construed as judicial findings or factual determinations.

[3] ECF No. 212.

against her. The motion was granted resulting in dismissal of the retaliation claims without prejudice, and Rivarola, in her individual capacity, was dismissed from the case.

## II. Defendant City of Basehor, Kansas' Motion for Protective Order (ECF No. 174)

### A. Parties' Arguments

#### 1. City's Position

Although the City has objections to individual topics, it generally objects on the following bases: 1) the topics are cumulative of written discovery and the extensive deposition testimony in the case; 2) the Notice lacks the "painstaking specificity" required by law; and 3) the topics seek "discovery on discovery." The City, in its brief, was opposed to the discovery sought, however, at oral argument the City announced it was not opposed to the deposition going forward. It only sought to narrow the topics.

#### 2. Plaintiff's Position

Plaintiff points out the differences between a 30(b)(6) deposition and the deposition of an employee. He argues the testimony of a 30(b)(6) designated witness binds the entity, the entity has a duty to designate knowledgeable persons and prepare them for the deposition, and Plaintiff argues he is entitled to fully discovery the City's position.

### B. Compliance with D. Kan. Rule 37.2

Pursuant to D. Kan. Rule 37.2, the Court "will not entertain any motion to resolve a discovery dispute" unless counsel has "conferred or has made reasonable effort to confer with opposing counsel" before filing a motion. The Court reviews the "surrounding

circumstances" to determine whether the conference requirement has been satisfied.[4] Here the parties exchanged written communications regarding the City's objections to the Notice but did not confer by phone or in person. During an April 30, 2021 conference, the parties raised the futility of conferring. While the Court could deny the motion for failure to make a reasonable effort to confer, due to the circumstances in this case, (i.e. the breakdown of communications between the parties) the Court will decide this motion, and this motion only, in the absence of the parties' conferral efforts. But going forward, the parties are reminded of their obligations to meaningfully confer under the local rule.

### C.   Discussion

#### 1.   Is Discovery Sought Unreasonably Cumulative or Duplicative

The City asserts the topics in the Notice seek testimony on subjects that have already been addressed in both written discovery and deposition testimony. A court must limit the frequency or extent of discovery if the discovery sought is unreasonably cumulative or duplicative.[5] A court has broad discretion to "fashion the scope" of a protective order.[6] However, "a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c).[7]

---

[4] *Azim v. Tortoise Capital Advisors LLC,* No. 13-2267-DDC, 2015 WL 197325, at *2 (D. Kan. Jan. 14, 2015).
[5] Fed. R. Civ. P. 26(b)(2)(C).
[6] *Cotton v. Costco Wholesale Corp.*, No. 12-2731-JWL, 2013 WL 3819975, at *1 (D. Kan. July 24, 2013).
[7] *Id.* (citing *Herrera v. Easygates, LLC*, No. 11-2558-EFM, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012).

It has been well established that courts "generally will not interfere with a party's chosen manner and method of discovery."[8] And, Rule 30(b)(6) contemplates an individual deposition in addition to the deposition of an entity through its designee. It states "[t]his paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."[9]

Courts in this District have allowed 30(b)(6) depositions to go forward on topics which are duplicative of written discovery.[10] Understanding that a (30)(b)(6) deposition is Plaintiff's opportunity to name the City as a deponent[11] and seek testimony intended to bind the City,[12] the Court finds allowing a 30(b)(6) deposition to proceed would not be unreasonably duplicative or cumulative of the written discovery or deposition testimony taken.

---

[8] *Funk v. Pinnacle Health Facilities XXXII LP*, No. 17-1099-JTM, 2019 WL 280950, at *3 (D. Kan. Jan. 22, 2019). See also *McCloud v. Bd. of Geary Cnty. Comm'rs*, No. 06–1002–MLB, 2008 WL 3502436, at *2 (D. Kan. Aug. 11, 2008) and *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 9402395–GTV, 1995 WL 625962, at *5 (D. Kan. Oct. 5, 1995).

[9] Fed. R. Civ. P. 30(b)(6). See also *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns LLC,* Nos. 11–2684–JWL, 11–2685–JWL, 11–2686–JWL, 2015 WL 3742929, at *8 (D. Kan. June 15, 2015).

[10] *Cotton* at *4 (allowed topic regarding retention and search of ESI which was duplicative interrogatories served where party had not set forth a sufficient recitation of facts showing inquiry into the topic would pose an undue burden or was unreasonably cumulative or duplicative); *New Jersey v. Sprint Corp.* No. 03-2071-JWL, 2010 WL 610671, at *2 (D. Kan. Feb. 19, 2010) (Plaintiff "should not be prevented from questioning a live witness in a deposition setting just because the topics proposed are similar to written requests for admissions already served.")

[11] Fed. R. Civ. P. 30(b)(6).

[12] *Miller v. Union Pac. R.R. Co.*, No. 06-2399-JAR, 2008 WL 4724471, at *2 (D. Kan. Oct. 24, 2008).

### 2. Discovery on Discovery

Topics A and B, which highly summarized, seek the identification of electronic devices used by City personnel and City servers which were searched for documents responsive to Plaintiff's discovery requests. The City, in its Reply, argues Topics A and B seek discovery on discovery and should not be allowed. Having reviewed the topics, the Court could easily characterize Topics A-G as discovery on discovery, because the topics cover matters addressed in written discovery and deposition testimony. But, this is permissible and well within the Court's discretion.

The City cites *Radiologix, Inc. v. Radiology and Nuclear Medicine, LLC,* No. 15-4927-DDC, 2018 WL 4851609, at *4 (D. Kan. Oct. 5, 2018) as "strongly discouraging" discovery on discovery. But the City's reliance on *Radiologix, Inc.* seems misplaced. There, the parties conducted extensive discovery on discovery after they learned a party had documents on its final exhibit list which had not been previously produced.[13] Among other things, the court granted leave for a 30(b)(6) deposition "limited in scope to 'the manner in which plaintiffs identified and collected documents for review and production'"[14] but denied defendant's motion to compel the production of documents which had been used in preparation for the 30(b)(6) deposition.[15]

---

[13] *Radiologix, Inc.*, at *4.
[14] *Id.* at *1.
[15] *Id.* at *6.

In the District of Kansas, a 30(b)(6) designee may testify about an entity's discovery efforts.[16] In this case where there has been continuing questions about documents withheld from discovery, issues related to the imaging of the City's servers, as well as deletion of information from City servers, and the destruction of the computer used by Plaintiff while he worked for the City, the Court finds full discovery, even if characterized as discovery on discovery, is appropriate in this case.

Finding no good cause for preventing the 30(b)(6) deposition from going forward, and where the City concedes the deposition should be allowed to proceed, the Court will discuss any limitations on the individual topics or additional specificity required on the topics below.

### 3.    Individual Topics

In line with the standards above, the Court carefully reviewed Topics A-K discussing each topic with the parties during the May 24, 2021 oral argument. The Court made the following rulings.

- Topic A

Specific identification (by serial number and/or other unique identification numbers or characteristics specific to each device) of all personal electronic devices (e.g. iPads, iPhones, cellular phones, desktops, laptops) issued or provided by the City to its governing body members, the City Clerk, the City

---

[16] *Heartland Surgical Specialty Hosp. v. Midwest Div. Inc.,* No. 05-2164-MLB, 2007 WL 1054279 (D. Kan. April 9, 2007) (allowing Rule 30(b)(6) deposition testimony concerning search methods and software used to respond to discovery requests); *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns LLC,* Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2015 WL 3742929 (D. Kan. June 15, 2015) (allowing Rule 30(b)(6) deposition testimony on document retention, collection, production, and destruction).

Attorney, the City Administrator, and/or the City Treasurer and were in use during the time period of January 1, 2019 through June 5, 2020.

In addition to arguing this topic is duplicative of written discovery, which the Court addressed above, the City also argues requiring it to prepare someone regarding the serial numbers or unique identifiers for servers, computers, and individual electronic devices is not proportional to the needs of the case nor seeks information relevant to Plaintiff's claims. The City, in its second supplemental response to RFP No. 2 of Plaintiff's Second Request for Production of Documents, provided a list of the personal electronic devices upon which electronic searches were run. During oral argument Plaintiff's counsel conceded it did not need serial numbers or other unique identifiers if it had a list of devices at issue. THE COURT FINDS requiring the City to prepare a witness on the serial numbers and other unique identifies of each device is not proportional to the needs of the case where a list of the devices has been provided. THE COURT ORDERS Topic A be modified as set out below.

Identification of all personal electronic devices (e.g. iPads, iPhones, cellular phones, desktops, laptops) issued or provided by the City to its governing body members, the City Clerk, the City Attorney, the City Administrator, and/or the City Treasurer and were in use during the time period of January 1, 2019 through June 5, 2020.

- Topic B

Specific identification of any servers or other electronic data storage devices (by serial number and/or other unique identification numbers or characteristics specific to each device) provided or maintained by the City

and were available for use -- during the time period of January 1, 2019 through June 5, 2020 – by governing body members, the City Clerk, the City Attorney, the City Administrator, and/or the City Treasurer.

Due to the similarities of Topics A and B, they were discussed together at oral argument. During oral argument, the City identified the two servers at issue. For the reasons set out above, THE COURT FINDS requiring the City to prepare a witness on the serial numbers and other unique identifies of each server or other electronic storage device is not proportional to the needs of the case. THE COURT ORDERS Topic B be modified as set out below.

Identification of any servers or other electronic data storage devices provided or maintained by the City and were available for use -- during the time period of January 1, 2019 through June 5, 2020 – by governing body members, the City Clerk, the City Attorney, the City Administrator, and/or the City Treasurer.

● Topic C

Details of the searches conducted – on the devices identified in response to the above Topics A and B – to locate documents responsive to Plaintiff's First, Second, and Third document requests, when were the searches conducted, by whom, how were they conducted, what search terms were used, and identification of any documents responsive to the requests but were withheld from being produced to Plaintiff, and the reason for doing so.

The City alleges this topic invades the attorney-client privilege and work production protection doctrine where it seeks to know why documents were withheld from production. Defendants' privilege logs identify documents responsive to the requests which were withheld from production to Plaintiff and identifies the privilege upon which they were

withheld. THE COURT FINDS further inquiry into the reason why documents were withheld from production would, in essence, seek the mental impressions of counsel. THE COURT ORDERS Topic C be modified as set out below.

> Details of the searches conducted – on the devices identified in response to the above Topics A and B – to locate documents responsive to Plaintiff's First, Second, and Third document requests, when were the searches conducted, and by whom, how the searches were conducted, what search terms were used, and identification of any documents responsive to the requests.

- Topic D

> The ESI Disclosures served by the City on Plaintiff and which are attached hereto as Exhibit 1.

The City alleges the topic is not stated with "painstaking particularity" and it is overly broad. The City also alleges that since the ESI Disclosures were prepared by counsel, it delves into information protected by the attorney-client privilege and work product protection. Fed. R. Civ. P. 30(b)(6) states in its notice, a party must describe with "reasonable particularity the matters for examination." In describing the parties to a 30(b)(6) deposition's reciprocal obligations, courts have found the party taking the deposition must designate with "painstaking specificity" the subject areas the deponent is to be questioned on.[17] Whether described as reasonable particularity or painstaking specificity, the Court agrees Topic D should be modified to provide additional specificity.

---

[17] See *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2016 WL 362488, at *2 (D. Kan. Jan. 28, 2016); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146-CM, 2008 WL 4642618, at *5 (D. Kan. Oct.

The attorney-client privilege protects communications between an attorney and client, not the facts therein.[18] "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area in which he can analyze and prepare his client's case."[19] The doctrine "does not protect facts concerning the creation of work product or facts contained within work product."[20]

The ESI Disclosures were shared with opposing counsel, therefore the disclosures themselves are not protected by the work product doctrine. The disclosures set out that City personnel were not told to delete any email or text on their City provided phone as of the date of the litigation hold letter. That fact is not privileged. Without invading the attorney-client privilege or work product doctrine, a witness could be prepared to testify regarding facts related to the City's document deletion protocols; the City's communications with its IT vendor regarding the imaging of its two servers; specifically which servers were at issue; the facts surrounding the City's efforts to get its servers imaged and the IT vendor's failure to properly image the servers; and the searches run on each individual device. Additionally, where the 30(b)(6) deposition will take place at the courthouse, the Court will be able to address any attorney-client privilege or work product issues that arise.

THE COURT FINDS inquiry into this topic shall be permitted. However, in accordance with the discussion at oral argument, THE COURT ORDERS Plaintiff to

---

16, 2008) (quoting *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008); and *Singh v. Shonrock,* No. 15-9369-JWL, 2017 WL 698472, at *2 (D. Kan. Feb. 22, 2017).
[18] *Burton v. R.J. Reynolds Tobacco Co.,* 170 F.R.D. 481, 484 (D. Kan. 1997) (citing *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981)).
[19] *United States v. Nobles,* 422 U.S. 225, 238 (1975).
[20] *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

amend Topic D to set forth with additional specificity the facts for inquiry related to the ESI Disclosures.

- Topic E

Communications and electronic data sources referenced in the documents exchanged between the City (and/or its attorneys or representatives) and NetStandard and which have been produced in this case as LM0759-LM0873.

The City alleges this topic is vague, unclear, and not stated with "painstaking particularity." It alleges that asking the City to comment on 100 plus pages of documents Plaintiff obtained from the City's IT vendor by subpoena is an undue burden. The identified documents contain the Service Agreement between the City and its IT vendor, the City's email communications with the IT vendor, and some internal email of the IT vendor. Where the City's IT vendor's failed to properly image the City's servers resulting in a failure to preserve documents, the Court does not find preparation of a witness on this topic an undue burden. However, the Court agrees the topic is not stated with sufficient specificity.

THE COURT FINDS inquiry into this topic shall be permitted. However, THE COURT ORDERS Plaintiff shall amend Topic E to identify specific provisions of the Service Agreement and particular communications with or of the IT vendor, on which he wishes to inquire, by bates number where possible.

- Topic F

Information about the desktop computer, and any data that was stored on it, that Basehor Police Chief Robert Pierce (during Patzwald's February 25, 2020 interview of him about the alleged mis-reporting of Plaintiff's income) indicated is gone, no longer exists.

The City alleges the topic is not stated with "painstaking particularity," is vague, and overly broad. Additionally, the City argues because the computer has been destroyed, it cannot prepare a witness to testify about the data once stored on the computer. The Court agrees. After a thorough discussion of the information Plaintiff seeks by this topic, THE COURT ORDERS Topic F be modified as below.

Information about the disposition of the desktop computer, used by Plaintiff while he worked at the City, the disposition of the data stored on the computer, and any investigation by the City into the disposition of the computer or data stored thereon.

- Topic G

With regard to the documents attached hereto as Exhibit 2 and for the time period of January 1, 2019 through June 5, 2020, information about the details of City employees looking for and printing them, and identification of each person (including any lawyers) any of the documents were shown or distributed to (and when), and whether and when any of the documents were provided to KPERS during its investigation of alleged mis-reporting of Plaintiff's City income (and, if not, specific reasons for not doing so), and whether and when any of the documents were provided to or shared with Leavenworth County Sheriff's Office *before* the Sheriff's Office agreed to conduct a criminal investigation of Plaintiff (and, if not, specific reasons for not doing so).

13

The City argues this topic is duplicative of previous deposition testimony. Based on the Court's findings above that the discovery sought is not unreasonably cumulative or duplicative and any discovery on discovery in Topics A-G is appropriate in this case, THE COURT ORDERS the City to prepare a witness or witnesses to testify on Topic G.

- Topic H

    For the time period of January 1, 2019 through June 5, 2020, the identity of all information and documents provided to the City governing body members on the subject of the alleged mis-reporting of Plaintiff's City income to KPERS, including specifically when, how, and by whom such information and documents were provided and identify any directives, orders, or recommendations made by governing body members based on the information and/or documents they were provided.

The City objects to this topic on multiple bases, the majority of which are based upon the topic being cumulative or duplicative of previous written discovery and deposition testimony. As discussed above, the Court found allowing a 30(b)(6) deposition to proceed would not be unreasonably duplicative or cumulative of the written discovery or deposition testimony already taken.

The City also objects because the topic seeks information provided to the City Council members during executive session and is privileged under the attorney-client relationship. "Courts have generally declined to uphold privilege or work-product objections to Rule 30(b)(6) deposition notices unless the deposition topics,

on their face, call for testimony that would be protected from disclosure."[21] THE
COURT FINDS Topic H does not seek attorney-client protected information on its
face. Where the 30(b)(6) deposition will take place in the courthouse, the Court will
be available to resolve any objections based on privilege as they arise. THE COURT
ORDERS the City to prepare a witness or witnesses to testify on Topic H.

- Topic I

  For the past five years, the procedure or method of how the City has handled
  investigations of errors or anomalies with respect to employee pay or benefit
  issues, and any instances of the City initiating and/or conducting an
  investigation without contacting the employee whose pay or benefits was the
  subject of the error or anomaly.

The City argues this topic is neither relevant, nor proportional to the needs of the
case. It argues the topic is not relevant to Plaintiff's claims because Plaintiff was a former
employee by the time his over-reporting was discovered. Courts broadly construe relevance
at the discovery stage, and "a request for discovery should be considered relevant if there
is 'any possibility' that the information sought may be relevant to the claim or defense of
any party."[22] How the City dealt with the investigation of any errors with respect to
employee pay or benefit issues is relevant to Plaintiff's retaliation claim. The five-year

---

[21] *Cotton,* at *4 (citing *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 587 (D. Kan. 2008).
[22] *Id.* at *2. (citing *Design Basics, LLC v. Strawn,* 271 F.R.D. 513, 527 (D. Kan. 2010) and
*Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004)).

period is not an unreasonable temporal scope in an employment law case, and certainly not in this case.[23]

The City also argues Rivarola has only worked in the position for 2 years and before that time, it has no knowledge of whether Plaintiff, as the city administrator, conducted any investigations. The City has a duty to prepare a representative or representatives, thus the "personal knowledge of the designated subject matter by the selected deponent is of no consequence.[24] As such 30(b)(6) designees can become knowledgeable by the review of City records before Rivarola was in the job. THE COURT ORDERS the City to prepare a witness or witnesses to testify on Topic I.

- Topics J and K

Topic J

For the time period around and/or after Defendants' alleged discovery of an error in how Plaintiff's income was reported to KPERS, all of the reasons and discussions for why Defendants did not contact Plaintiff or his legal counsel about this issue.

Topic K

The specific documents or source that the City claims first alerted it (or any of its employees or representatives) to the alleged mis-reporting of Plaintiff's income, and details (e.g. dates, people involved, communications about the immediate steps taken thereafter to address the alleged mis-reporting.

---

[23] *See Garrett v. Sprint PCS,* No. 00-2583-KHV, 2002 WL 181364, at *2 (D. Kan. Jan. 31, 2002) (collecting cases).
[24] *Spirit Commc'ns Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 528 (D. Kan. 2006).

The City's objection to these topics is they are duplicative of the deposition testimony of several City personnel. Based on the Court's findings above that the discovery sought is not unreasonably cumulative or duplicative, THE COURT ORDERS the City to prepare a witness or witnesses to testify on Topics J and K.

## III.    Conclusion

Based on the foregoing, Plaintiff shall modify Topics A-F in accordance with the Court's rulings as noted above and file an amended notice of deposition forthwith. The Court will set a Zoom conference on September 16, 2021 at 2:00 p.m. to discuss scheduling of the 30(b)(6) deposition.

**THEREFORE**, Defendant City of Basehor, Kansas' Motion for Protective Order **(ECF No. 174)** is **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth above.

**IT IS SO ORDERED**.

Dated September 10, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

17