IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LLOYD MARTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2138-HLT-GEB |
| | ) |
| CITY OF BASEHOR, KANSAS, and | ) |
| DAVID BREUER | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Leave to File His Fourth Amended Complaint **(ECF No. 203)**. After careful consideration of the parties' briefing, including the motion and proposed Fourth Amended Complaint and Defendants' Response in opposition (ECF No. 208), the Court recommends Plaintiffs' motion be **DENIED** for the reasons set forth below.

## I.   Background[1]

Over the life of this case, the court has written several opinions outlining the facts of the case as alleged by the parties. As such, it will not reiterate those facts here. But highly summarized, Plaintiff served as the City's Police Chief from 2008 until July of 2018. At various times between 2009 and July of 2018, Plaintiff, in addition to serving as Police

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), Third Amended Complaint (ECF No. 150), the Answers (ECF Nos. 4, 153), and City Administrator's Motion to Dismiss (ECF No. 154). This background information should not be construed as judicial findings or factual determinations.

1

Chief, also served as city administrator. He retired from both positions in July of 2018. After Plaintiff's retirement, the City hired Leslee Rivarola as the new full time City Administrator, at a higher salary.

On March 12, 2019, Plaintiff, Lloyd Martley filed a Complaint (ECF No. 1) against Defendant, City of Basehor, Kansas ("City") alleging: 1) violation of the Equal Pay Act ("EPA") by paying disparate benefits and wages to him; and 2) retaliating against him for filing his lawsuit by instituting a criminal investigation into his KP&F retirement fund reporting. On July 22, 2020, Plaintiff was granted leave to amend his complaint (ECF Nos. 59 and 61) to add City of Basehor Mayor, David Breuer ("Mayor"), and City Administrator, Leslee Rivarola ("Rivarola" or "City Administrator").

The City and Mayor deny they violated the EPA, primarily contending Plaintiff, because he served as Police Chief, only served as a part-time city administrator, and therefore did not perform work substantially equal to that of Rivarola. They also deny having retaliated against Plaintiff, contending improper reporting of KP&F eligible income to KP&F by him required a criminal investigation and the City had a fiduciary and ethical duty to refer the matter for investigation. Plaintiff filed a second amended complaint as a corrective measure, (ECF No. 71) and was also granted leave to amend his complaint a third time on September 23, 2020 to add two retaliation claims against Rivarola (ECF No. 90.)

## II. Plaintiff's Motion for Leave to File His Fourth Amended Complaint (ECF No. 203).

Rivarola moved to dismiss the claims against her in Plaintiff's Third Amended Complaint. On May 7, 2021, Judge Teeter found the Plaintiff had not plausibly pled facts sufficient to support the retaliation claims under the EPA or First Amendment against Rivarola, and she is entitled to qualified immunity on the First Amendment retaliation claim. Judge Teeter granted Rivarola's motion to dismiss without prejudice and dismissed her from the case.[2] A little over a month later, Plaintiff filed the instant motion seeking leave to file a Fourth Amended Complaint to address the deficiencies in the allegations against Rivarola following Judge Teeter's ruling, as well as additional facts in support of his EPA claim against the City.

### A. Legal Standards

#### 1. Fed. R. Civ. P. 16 – Good Cause

When considering a motion to amend filed past the scheduling order deadline, Fed. R. Civ. P. 16(b)(4) is implicated. Rule 16(b)(4) provides a "schedule may be modified only for good cause and with the judge's consent." Additionally, judges in this District "have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[3] In such cases, the court will "first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[4] Only

---

[2] ECF No. 196.
[3] *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. 09–2616–KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted).
[4] *Id.*

3

after finding good cause will the court proceed to the second step and evaluate whether the broader Rule 15(a) standard for amendment has been satisfied.[5]

"Good cause" under Rule 16(b)(4) requires a showing that "despite due diligence it could not have reasonably met the amendment deadline."[6] The party requesting an untimely amendment "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[7] In a motion to amend where a party seeks to assert affirmative claims, if the moving party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."[8] The Court has discretion to decide whether the movant has established good cause sufficient to modify the scheduling order deadlines, and such a decision is reviewed only for abuse of discretion.[9]

### 2. Fed. R. Civ. P. 15 – Factors for Amendment

After a showing of good cause, the standard for permitting a party to amend his or her pleadings is well established. A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

---

[5] *Id.*
[6] *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).
[7] *Id.*
[8] *Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC, 2020 WL 5118068, at *2 (D. Kan. Aug. 31, 2020) (citing *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).
[9] *Carefusion 213*, 2010 WL 4004874, at *3 (citations omitted).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires." Under Rule 15, the relevant factors in deciding a motion for leave to amend include: "whether the amendment will result in undue prejudice, whether the request was unduly and inextricably delayed, was offered in good faith, or that the party had had sufficient opportunity to state a claim and failed."[10] The "liberality in granting leave to amend is curbed when amendment would cause the opposing party undue prejudice."[11] Prejudice "'means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party.'"[12] Amendment invariably causes some prejudice, "but leave to amend is not denied unless the amendment would work on injustice to the defendants."[13] The burden of showing undue prejudice is on the party opposing amendment.[14]

### B. Parties' Arguments

#### 1. Plaintiff's Position

Plaintiff read Judge Teeter's ruling on Defendants' motion to dismiss as an invitation to seek leave to amend – "the Court granted it *without prejudice* and implied that other or additional allegations could result in a different ruling"[15] – and seeks to file a Fourth Amended Complaint setting forth allegations to address her ruling. Plaintiff alleges:

---

[10] *Koch v. Koch Industries*, 127 F.R.D. 206, 209 (1989) (quoting *State Distributors, Inv. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984).
[11] *Id.* at 209.
[12] *Id.* (citing *Federal Deposit Insurance Corp. v. Berr*, 643 F.Supp. 357, 359 (D. Kan. 1986) (quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3rd Cir. 1969).
[13] *Koch* at 209-10.
[14] *Id.* at 210.
[15] ECF No. 203 at 3-4.

1) under Fed. R. Civ. P. 15 leave to amend is to be freely given and none of the limited circumstances in which a motion to amend should be denied are applicable here; 2) he has not unduly delayed in filing a retaliation claim against Rivarola where he initially brought the claim in his motion for leave to file second amended complaint and only withdrew the claim upon the assurance of counsel that Rivarola was not involved in the City reporting him to law enforcement - a claim which he alleges he later learned was untrue; 3) he seeks amendment neither in bad faith nor with a dilatory motive as this is his first opportunity to address Judge Teeter's ruling on Rivarola's motion to dismiss; 4) Defendants are not unduly prejudiced where the additional allegations draw on facts and details previously presented in the case and Plaintiff is still within the statute of limitations to bring a separate claim against Rivarola; and 5) the proposed amendment is not futile as it addresses the deficiencies raised by Judge Teeter's ruling on Rivarola's motion to dismiss.

## 2. Defendants' Position

In response, Defendants City of Basehor and Mayor David Breuer contend: 1) Plaintiff's motion is untimely and thus Plaintiff has not demonstrated good cause for amendment under Fed. R. Civ. P. 16(b)(4); 2) Plaintiff failed to cure deficiencies in pleadings when he had the opportunity; and 3) the proposed amendment is prejudicial to Defendants.

### C. Discussion

#### 1. Fed. R. Civ. P. 16 - Good Cause

The Court considers the threshold issue of whether Plaintiff has shown good cause, under Fed. R. Civ. P. 16. The deadline for filing motions for leave to amend in the Scheduling Order (ECF No. 24) was January 31, 2020. The Court has twice found good cause to allow amendment after that deadline.[16] However, while the court understands the difficulty *ad nauseum* in the parties efforts to conduct meaningful discovery in this case, the Court believes Plaintiff could have sought leave to amend his complaint to include the intentional gender bias allegations against the City in support of his EPA claim and additional facts regarding retaliation and damages in support of his claims against Rivarola well before the current motion. The majority of which were known, and quite frankly could have been included in his Third Motion for Leave to Amend Complaint. Additional facts supporting this new claim were known following the depositions of Rivarola, Kathy Renn, and Travis Miles which were all taken in October of 2020.

##### a. New factual allegations regarding intentional gender bias in support of Plaintiff's claim of violation of the EPA

Specifically, in paragraphs 19-30 and paragraph 133 of the proposed Fourth Amended Complaint, Plaintiff included allegations of intentional gender bias in support of his claim that the City violated the EPA by paying him disparate benefits and wages. The

---

[16] ECF No. 61 at 12 and ECF No. 181 at 8.

allegations include the number of applications the City received for the city administrator position, the gender breakdown of those applicants, the gender breakdown of those interviewed, the experience and qualifications for those interviewed but not chosen, etc. The Defendants allege, and Plaintiff does not dispute, he knew the information regarding the number of applicants, their gender, and how those applications were processed since the City produced documents with its initial disclosures on October 21, 2019. And still, these allegations were not included in Plaintiff's Second or Third Amended Complaints. And the information in paragraphs 24-25 and paragraph 130 of Plaintiff's [Proposed] Fourth Amended Complaint regarding the City's purported preference for a female city administrator came from the depositions of City Clerk, Kathy Renn and City Councilmember, Travis Miles taken in October of 2020 some 8 months before the current motion was filed.

Where Plaintiff has known generally about the applicant pool for the city administrator position and how the applications were processed since very early in the case; has failed to include these allegations in his earlier complaints; and could have sought leave to amend to add the information gleaned from witness depositions sooner, Plaintiff has not established with due diligence that he could not have reasonably sought leave to amend earlier. As such, the Court cannot find good cause to amend to add these allegations against the City. The Court will next look at whether there is good cause to amend to again add and re-introduce the two retaliation claims against Rivarola.

### b. Additional allegations in support of Plaintiff's retaliation claims against Rivarola

As previously stated, to date, Plaintiff has already filed three motions seeking to add Rivarola as a defendant over the course of a year.[17] The first motion was filed June 5, 2020. But Plaintiff withdrew that motion as to Rivarola following discussion during the July 22, 2020 hearing on his motion for leave to file second amended complaint, which was granted. After what Plaintiff contends was further investigation, Plaintiff filed his motion for leave to file a third amended complaint on September 23, 2020. The Court granted that motion. Once the third amended complaint was filed, Rivarola filed a motion to dismiss. Judge Teeter granted Rivarola's motion on May 7, 2021 and dismissed her without prejudice.[18] Plaintiff now seeks to amend to add the same two retaliation claims previously pled and dismissed. The difference now being additional facts purportedly supporting the retaliation claims and damages in an effort to try to overcome the deficiencies Judge Teeter found in his complaint when Rivarola was dismissed.

First, upon review of the additional allegations regarding Plaintiff's own damages. This Court struggles to fathom how Plaintiff could not have included the allegations regarding his own damages in, at the very least, his motion for leave to file third amended complaint. In fact, Plaintiff admits as much in his opening brief when he notes he supplemented his Rule 26 disclosures "regarding the various damages he suffered as a

---

[17] ECF Nos. 49, 90, and 203.
[18] ECF No. 196.

result of the retaliatory actions taken against him."[19] Those disclosures were supplemented on September 10, 2020, nearly two weeks before he filed his motion for leave to file third amended complaint.

Next, the Court turns to the additional allegations of retaliation against Rivarola. Although Plaintiff characterizes his retaliation claims as fairly new, the Court disagrees. Plaintiff alleges he learned in the weeks after a June 5, 2020 email with defense counsel that "Rivarola had been the primary actor in pressing a criminal complaint" against him.[20] And, in support of an argument that Defendants will not be unduly prejudiced, Plaintiff says "the additional allegations in the [fourth] amended complaint simply draws on facts and details that have already been presented in this case."[21]

But, where Plaintiff has known the underlying conduct regarding retaliation and damages, and he simply failed to include the additional factual support in his motion seeking leave to file a third amended complaint, the Court finds Plaintiff has not shown good cause to amend to add the two retaliation claims against Rivarola.

Finding no good cause, the Court could end its analysis here, and the Rule 15(a) factors need not be addressed. But, because plaintiff argued Defendants would not be prejudiced, the court feels compelled to address this point.

---

[19] ECF No. 203 at 6, n 5.
[20] ECF No. 203 at 2.
[21] ECF No. 203 at 6.

Although denied without prejudice, the Court does not agree with Plaintiff that Judge Teeter's ruling on Rivarola's motion to dismiss was an invitation to later seek leave to amend to add the two retaliation claims brought against Rivarola back into the case. This court interprets Judge Teeter's ruling to indicate Plaintiff had not pled an adverse action sufficient to state a plausible claim of retaliation under the EPA or First Amendment[22] and further, even if Plaintiff had stated a First Amendment retaliation claim, Rivarola would be entitled to qualified immunity.[23]

On the facts in this case where: 1) the Court finds Plaintiff has not demonstrated good cause to amend; 2) Judge Teeter has previously dismissed these exact claims and found Rivarola was entitled to qualified immunity; 3) if leave were granted, another motion to dismiss would be filed; 4) Rivarola is represented by the same counsel as the City and Mayor; and 5) as the parties represented, this case is nearing the end of discovery. The time has come to move this case to the next phase.

## III.  Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

---

[22] ECF No. 196 at 7-8.
[23] *Id.* at 8-10.

## IV.     Conclusion

As discussed above, the Court has found Plaintiff has not demonstrated good cause for amendment. Even if Plaintiff had shown good cause, based on the procedural challenges, the plethora of motion practice in this case, the discovery wars, the time and manner in which it has taken to bring discovery to a near end, only to add two claims, that could have been brought well before now, would make a strong case for undue prejudice, not only to the defendants, but to both parties in this case. Finally, the court is not blind to the fact that Plaintiff has within his wherewithal, the prerogative to bring a separate action against Ms. Rivarola, due to his strong beliefs about her involvement in this case. Nevertheless, the Court cannot ignore the fact that in *this* case, the time and resources potentially spent on a motion to dismiss on Rivarola's behalf, and to oppose the same, at this juncture, would also be unduly prejudicial, and neither in the interests of judicial economy, nor in the interests of justice.

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' Motion for Leave to File a Fourth Amended Complaint **(ECF No. 203)** be **DENIED**.

Dated at Wichita, Kansas this 3rd day of December 2021.

> s/ Gwynne E. Birzer
> GWYNNE E. BIRZER
> United States Magistrate Judge