IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYD MARTLEY,

    Plaintiff,

    v.

BASEHOR, KANSAS, CITY OF, et al.,

    Defendants.

Case No. 2:19-cv-02138-HLT-GEB

## MEMORANDUM AND ORDER

Plaintiff Lloyd Martley brings this Equal Pay Act ("EPA") case against his former employer, Defendant City of Basehor, Kansas, and one of its officials, Defendant David Breuer. Martley alleges violation of the EPA and retaliation stemming from the initiation of a criminal investigation into the reporting of his income to a state retirement system.

The matter is now before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Birzer denying Plaintiff's motion for leave to file a fourth amended complaint, Doc. 233, and Plaintiff's objection to the same, Doc. 237. Finding that denial of leave to amend is a dispositive issue and applying de novo review, the undersigned adopts the recommendation of Judge Birzer and overrules Plaintiff's objections because the proposed amendment is not warranted under either Rule 16 or Rule 15.

### I.   BACKGROUND

This case has a contentious and long history that has required numerous rulings and hearings. The current operative complaint is Plaintiff's third amended complaint. The third amended complaint asserts an EPA claim against the City, and retaliation claims under both the EPA and the First Amendment against the City, Breuer, and a third defendant, City Administrator Leslee Rivarola. *See* Doc. 196 at 4.

The EPA claim alleges that the City paid Plaintiff less than Rivarola for performing City Administrator duties. Both retaliation claims stem from a referral to law enforcement regarding retirement contributions Plaintiff made while he was employed by the City.

Rivarola moved to dismiss the retaliation claims against her. The Court granted that motion, finding that Plaintiff had not pleaded sufficient facts to allege an adverse action sufficient to support retaliation claims under either the EPA or the First Amendment. *Id.* at 5-8. Specifically, the Court discussed Tenth Circuit caselaw regarding when instigation of a criminal investigation can be considered an adverse action. *Id.* at 6-7. The Court concluded that initiation of a criminal investigation may constitute an adverse action sufficient to state a claim of retaliation if it includes "some degree of concrete—not speculative—harm to reputation or future employment prospects." *Id.* at 7. Finding that Plaintiff had not pleaded any facts rising to that level, the Court dismissed both retaliation claims. *Id.* at 7-8. The Court alternatively found that Rivarola was entitled to qualified immunity on Plaintiff's First Amendment retaliation claim because it was not clearly established that initiation of a criminal investigation could support a retaliation claim. *Id.* at 9-10. The claims against Rivarola were dismissed without prejudice and she was dismissed from the case. *Id.* at 11.[1]

Shortly after the Court granted Rivarola's motion to dismiss, Plaintiff's counsel informed Judge Birzer that he wished to file a motion for leave to file a fourth amended complaint that addressed some of the issues raised in the order dismissing Rivarola. *See* Doc. 237-1 at 2-3. Judge Birzer discussed the issue with the parties at an in-person hearing on May 24, 2021. *See id.* Noting that the proposed amendment was substantial, Judge Birzer asked the parties if they would like a

---

[1] The claims were dismissed without prejudice because they were based on a pleading deficiency. The Court did not consider whether Plaintiff could overcome that deficiency or whether he could overcome Rivarola's qualified-immunity defense. Doc. 196 at 11 n.7.

2

briefing schedule, which the parties agreed to. Doc. 200 at 114-18. Judge Birzer entered a text order memorializing the briefing schedule. Doc. 199.

After Plaintiff's motion for leave to amend was fully briefed, Judge Birzer issued an R&R recommending that the motion be denied. Doc. 233. Judge Birzer found that Plaintiff had not demonstrated good cause under Rule 16 to justify amendment because proposed additional facts about Plaintiff's EPA claim were known to Plaintiff well before he sought leave to amend, and additional facts regarding his retaliation claims should have been known to Plaintiff before he filed his third amended complaint. *Id.* at 7-10. Judge Birzer also found that allowing amendment would prejudice Defendants because (1) Plaintiff had not demonstrated good cause, (2) the claims against Rivarola were previously dismissed, (3) if leave were granted, another motion to dismiss would be filed, (4) Rivarola is represented by the same counsel as the other defendants, and (5) the case was nearing the end of discovery. *Id.* at 11.

Plaintiff timely objected. Doc. 237. Defendants have responded in opposition to Plaintiff's objection. Doc. 240.[2]

## II. STANDARD

Whether a ruling on a motion to amend is dispositive or nondispositive depends on the ruling. Granting leave to amend does not remove any claim or defense from the case and is nondispositive. *See Wilson v. Wal-Mart Stores, Inc.*, 2008 WL 2622895, at *1 (D. Kan. 2008). But denying leave to amend, which determines a claim cannot be asserted, is viewed as dispositive. *See id.*

---

[2] Replies in support of objections to R&Rs are not contemplated by Rule 72(b)(2) or by D. Kan. Rule 72.1.4(b). *See Holick v. Burkhart*, 2018 WL 4052154, at *4 (D. Kan. 2018).

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections, and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[3] In a de novo review, the Court makes an independent determination of the issues. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). "The district judge is free to follow a magistrate's recommendation or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew." *Id.* (internal brackets, quotation, and citation omitted).

### III.  ANALYSIS

In his objection, Plaintiff makes three arguments: (1) that Rule 16's "good cause" standard does not apply; (2) that there are no grounds to deny leave to amend under Rule 15; and (3) that denying leave to amend is unjust to Plaintiff.

#### A.  Rule 16

Plaintiff first argues that it was improper for Judge Birzer to apply Rule 16's "good cause" standard because the initial scheduling order was stayed early on in the case and because Judge Birzer entered an order allowing Plaintiff to file his motion for leave to amend. Doc. 237 at 7-8.

Regarding the first argument, the scheduling order was initially stayed so that Judge Birzer could take up several pending motions, including a motion by Plaintiff for leave to file a first amended complaint. *See* Doc. 56. But in ruling on the motion for leave to file the first amended complaint, Judge Birzer still applied Rule 16's good-cause standard, Doc. 61 at 11-12, as she did

---

[3] Both parties cite Rule 72(a), which governs review of a magistrate judge's ruling on nondispositive matters and provides for a "clearly erroneous or contrary to law" standard of review. But orders <u>denying</u> leave to amend are often treated as dispositive. *See Wilson*, 2008 WL 2622895, at *1; *see also Ocelot Oil Corp.*, 847 F.2d at 1462 (noting that motions not specifically delineated as dispositive "are nevertheless to be treated as such a motion when they have an identical effect"). Accordingly, Rule 72(b) governs and provides for de novo review. But even if the Court applied Rule 72(a)'s more deferential "clearly erroneous or contrary to law" standard, it would reach the same result. Judge Birzer's ruling is neither clearly erroneous nor contrary to the law. She applied the appropriate legal standard and applied that standard in a reasonable and thoughtful manner.

4

when granting leave to file a third amended complaint, Doc. 181 at 5-6, 8.[4] It's unclear why a different standard would apply to the fourth amended complaint based on the initial stay of deadlines. Moreover, the original deadline for motions to amend was January 31, 2020. Doc. 24 at 17. The request to stay the scheduling order didn't come until June 5, 2020, over five months after the deadline for motions to amend had already expired. *See* Doc. 48. An expired deadline cannot be stayed.[5]

Regarding the second argument, Judge Birzer did enter an order setting a "briefing schedule" for Plaintiff's proposed motion to file a fourth amended complaint. Doc. 199. This was also discussed during a hearing before Judge Birzer, though, again, in the context of a "briefing schedule." *See* Doc. 200 at 115, 141. The record reflects that the parties sought a special briefing schedule on several motions to accommodate the attorneys' schedules. But Judge Birzer's accommodation of those requests does not amount to a formal amendment of the scheduling order such that it would obviate the need for a Rule 16 analysis. Although Rule 16 allows for amendment of a scheduling order on a showing of good cause, the order regarding the "briefing schedule" reflects no good-cause analysis.

The Tenth Circuit has held that "parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). Here, the scheduling order set a deadline of January 31, 2020, for motions to amend. Doc. 24 at 17. Plaintiff's motion for leave to file the fourth amended complaint was filed June 23, 2021, *see* Doc. 203, which is after that

---

[4]  A second amended complaint was filed with the consent of Defendants. Doc. 71 at 1 n.1.

[5]  The Court acknowledges that the conduct underlying Plaintiff's retaliation claim arose after the deadline to amend in the scheduling order passed. But while that may have been good cause to allow some of the earlier amendments, it doesn't obviate the need to show good cause for future amendments.

deadline. The allowance of a special briefing schedule did not amend the scheduling order with regard to that deadline. Accordingly, the Court discerns no error in Judge Birzer performing a Rule 16 analysis.

As discussed above, Judge Birzer concluded that the new factual allegations added in the fourth amended complaint were known to Plaintiff before the motion to amend was filed. Doc. 233 at 7-10. Notably, Plaintiff does not dispute that he knew of these facts well before he sought leave to amend for the fourth time or offer any argument about how he has demonstrated good cause. Accordingly, the undersigned finds that Rule 16 does apply in this case and that Plaintiff has failed to meet it. This alone warrants denial of his motion for leave to amend. *See Gorsuch*, 771 F.3d at 1242.

### B. Rule 15

Even though Plaintiff failed to meet the Rule 16 good-cause standard, the Court will consider whether leave to amend should be granted under Rule 15. Rule 15(a)(2) states that subsequent amendments to pleadings may be made "only with the opposing party's written consent or the court's leave," and a "court should freely give leave when justice so requires." Whether to grant leave to amend is discretionary. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Factors considered are undue delay, bad faith, failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, and futility of amendment. *See id.*

#### 1. Factors

As explained above, Judge Birzer found that Defendants would be prejudiced by allowing amendment, primarily because Rivarola has already been dismissed from the case and allowing her back in now would likely result in yet another round of motions to dismiss and would delay the case as it is nearing the end of discovery. Doc. 233 at 11.

Plaintiff argues that a showing of <u>some</u> prejudice is not sufficient—prejudice to the opposing party must be <u>undue</u>. As a preliminary matter, the undersigned disagrees that Judge Birzer only found prejudice, but not undue prejudice. The conclusion to the R&R clearly states that amendment at this juncture would be unduly prejudicial. Doc. 233 at 12. The undersigned agrees. This is now the fourth attempt to amend the pleadings to add facts that were known to Plaintiff before he even sought leave to amend for the third time. Plaintiff opted to stand on the deficient third amended complaint in the face of a motion to dismiss and lost. Given the rulings in that order, the advanced state of this case, and its history of heavy-handed motion practice, the undersigned finds that allowing further amendment at this stage—especially to reassert claims already dismissed—would be unduly prejudicial to Defendants.

Further, because a de novo review applies, the undersigned is not limited to consideration of the basis of Judge Birzer's ruling. Based on a review of the record, the undersigned finds that, at the very least, other reasons justify denial of leave to amend beyond prejudice to Defendants.

Two of the factors considered are undue delay and failure to cure deficiencies through previous amendment. *Minter*, 451 F.3d at 1204. At issue is Plaintiff's fourth attempt to amend in a case approaching its third birthday. As discussed above, the facts Plaintiff seeks to add are facts he knew of long before he sought this amendment. Thus, these factors weigh against allowing amendment.[6]

Plaintiff contends he was not aware of any pleading deficiencies until the Court granted Rivarola's motion to dismiss. Doc. 237 at 11.[7] But it is Plaintiff's obligation to plausibly plead his

---

[6] Given that Rule 15 contemplates consideration of undue delay or failure to correct in prior amendments, the Court notes that Plaintiff's delay in seeking to add these additional facts is problematic regardless of whether the Court applies Rule 15, Rule 16, or both.

[7] The Court notes that at least some of the factual allegations added in the proposed fourth amended complaint are related to the EPA claim that was not at issue in the motion to dismiss. Plaintiff doesn't explain the delay in adding these allegations, all of which Plaintiff knew about in 2019 or 2020.

7

claims—not the Court's job to direct him how to do so. Plaintiff also claims that the retaliation claims were dismissed on an argument raised for the first time in Rivarola's reply brief. *Id.* at 10-11. However, the basis of the Court's ruling was that Plaintiff failed to plead sufficient facts to demonstrate that initiation of an investigation was an adverse action sufficient to support a retaliation claim. Doc. 196 at 6-8. That argument was the focus of Rivarola's motion to dismiss. Doc. 154 at 5 ("Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted for retaliation against Rivarola under the EPA because there is no adverse action."). Plaintiff's response specifically addressed "whether an employee would view it as an adverse action to have a criminal complaint lodged against him." Doc. 169 at 8. Thus, the Court disagrees that Plaintiff "never had an opportunity to address the argument." *See* Doc. 237 at 11.

Accordingly, the undersigned finds that leave to amend should be denied under Rule 15 based on the undue delay and failure to cure deficiencies with prior amendments.[8]

### 2. Justice

Finally, Plaintiff recites the standard in Rule 15 that courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). He argues that Defendants "undoubtedly will cite the pleading deficiency noted by the District Judge as dispositive of Plaintiff's retaliation claims

---

[8] The amendment is also likely futile, at least in part. *See Minter*, 451 F.3d at 1204. With regard to Plaintiff's First Amendment retaliation claim against Rivarola, the Court found she was entitled to qualified immunity because the law was not clearly established. Doc. 196 at 9-10. Even if the additional factual allegations could push the retaliation claim across the line of plausibility, they would not change the state of the law at the time of the conduct. With regard to whether Plaintiff pleaded an adverse action, the Court previously ruled that the initiation of a criminal investigation typically "must include some degree of concrete—not speculative—harm to reputation or future employment prospects." *Id.* at 7. As to reputation, Plaintiff seeks to allege that the investigation into his conduct is public knowledge, that people associated with the City now avoid him, and his reputation in the community has been tarnished. Doc. 203-1 at 16-17, 28-29. As to employment prospects, Plaintiff seeks to allege that the investigation may show up on background checks or be discovered by licensing authorities "if and when" he ever decides to go back to work in law enforcement. *Id.* at 25. The Court questions whether this meets the standard set out in the order on the motion to dismiss. *See* Doc. 196 at 6-7. However, it need not determine futility given Plaintiff's failure to meet the good-cause standard under Rule 16, and based on prejudice, delay, and failure to cure under Rule 15.

8

against the City and Defendant Breuer," leaving Plaintiff no recourse at summary judgment and resulting in severe injustice to him. Doc. 237 at 13. But is unclear how a pleading issue regarding claims against Rivarola will be dispositive of any claims against other defendants at summary judgment. At summary judgment, Plaintiff will be able to go beyond the pleadings and point to evidence that supports his claims. Whether he will be successful at summary judgment depends on that evidence, not the pleadings.

Plaintiff also expresses concern that "he is no longer being treated fairly and justly in this case," which he believes is related to an ongoing discovery dispute where Plaintiff sought communications and documents of opposing counsel. *Id.* at 2. The Court discerns no unjust treatment of Plaintiff in Judge Birzer's rulings, or in any other rulings in this case. It is true that this is a contentious case. And it is not limited to just one side. *See* Doc. 229 at 7 n.4 (noting "sufficient blame to go around"). But given the extensive motion practice and numerous hearings, it is clear this case has been given more than its fair share of judicial resources. And given the history of the current dispute as outlined in this order, Judge Birzer's order, and the related filings and transcripts, the undersigned disagrees that Plaintiff has been treated unfairly or that justice requires a different outcome.[9]

## IV.   CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's objection to Judge Birzer's R&R (Doc. 237) is OVERRULED. The Court ADOPTS Judge Birzer's recommendation (Doc. 233)

---

[9] To this end, the Court notes again that both parties cited the wrong legal standard in relation to Plaintiff's objection to the R&R. *See supra* note 3. This is not the first time the parties have misfocused their analysis. *See* Doc. 229 at 8. Although not always well-received by the parties, it is the Court's duty to clearly and correctly state the law. To the extent Plaintiff takes umbrage, the Court notes that the corrected standard in this instance is to Plaintiff's benefit, as it is generally less deferential to the magistrate judge's R&R. The undersigned nevertheless reaches the same result as Judge Birzer for the reasons stated in this order.

9

that Plaintiff's motion for leave to file a fourth amended complaint (Doc. 203) be DENIED for the reasons stated in this order.

    IT IS SO ORDERED.

    Dated: February 1, 2022        /s/ *Holly L. Teeter*
                                            HOLLY L. TEETER
                                            UNITED STATES DISTRICT JUDGE