IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LLOYD MARTLEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 19-2138-DDC-GEB |
| ) | |
| CITY OF BASEHOR, KANSAS, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

The parties appeared before the Court for the document review ordered in the Court's May 2, 2022 Memorandum and Order granting Defendants' Motion to Quash (ECF No. 283) ("May 2, 2022 Order"). Plaintiff appeared through counsel, Patrick Reavey. Defendants appeared through counsel, Michelle Stewart.

In the Court's May 2, 2022 Order, the parties were ordered to confer and agree upon a digital forensic or eDiscovery vendor ("Mallery") to run the searches identified in the subpoena to NetStandard on the hard drive prepared by NetStandard and kept in counsel's office, a .pst file to be prepared by the City's IT vendor to comply with the searches in the subpoena, and the three iPads in the City's vault. Mallery was to segregate any responsive email that included Michelle Stewart, Terelle Mock, and other defense counsel identified by Defendants who might be involved in any of the responsive communications. The results of the searches were to be produced to the Court where defense counsel would review the segregated lawyer communication for privilege. The expense of these searches was to be shared by the parties.

1

After the identified devices were delivered to Mallery, counsel wrote to the Court with questions regarding the data on the devices and searches to be run. The Court advised the parties she did not intend to enlarge the parameters of the May 2, 2022 Order. Mallery ran initial searches and shipped the production to the Court on May 25, 2022. After receipt of the initial search results, Plaintiff's counsel emailed the Court and indicated Mallery might need to supplement the search results provided. The Court contacted Mallery regarding any supplementation.

Mallery advised there had been confusion about the searches sought in the subpoena. The subpoena to NetStandard (ECF. No. 269-1) sought all email communications, together with any email attachments created, sent, or received during a certain date range[1], which contained certain terms. The subpoena then set out five sets of email addresses in paragraphs A through E. The Court understands from Mallery, his company initially ran five searches. They ran a search for responsive email exchanged between or among the email addresses in paragraph A, a separate search for responsive email exchanged between or among the email addresses in paragraph B, and so forth for each of the sets of email addresses in paragraphs A-E of the NetStandard subpoena. The results from the five searches were what was shipped to the Court on May 25, 2022.

After communications with Plaintiff's counsel, Mallery understood Plaintiff did not want five searches run on the separate sets of email addresses but instead wanted one global search for any responsive email exchanged between or among any of the email addresses identified in the subpoena. The global search had been run and found additional responsive documents that had not been produced to the Court in the production from the initial set of five searches. Where there were additional responsive documents, the Court requested the results of the second global search also

---

[1] The date range was shortened by the Court in its May 2, 2022 Order.

be provided to it with the additional responsive documents segregated. The Court finds the additional work running the second global search was at Plaintiff's request. The costs of any work done by Mallery to run the second global search and provide the second set of search results to the Court should be borne by Plaintiff alone.

Defendants did not object to Plaintiff receiving the additional responsive documents from the second global search. Both parties were provided with the search results from the two sets of searches. Defendants' search results also included the segregated lawyer communications. The Court adjourned for defense counsel to review the segregated lawyer communications for privilege. Defense counsel identified the documents it requested be withheld on the basis of attorney-client privilege or attorney work product.

The Court reviewed the documents identified by defense counsel and made determinations on privilege. The Court reconvened and announced its rulings based on privilege on the record. The segregated attorney communications which were not found to be privileged were added to the flash drives with Plaintiff's copy of the production.

Per the Court's May 2, 2022 Order, Defendants shall provide Plaintiff with a privilege log identifying the documents the Court found were privileged no later than July 11, 2022. The entire document production from today's document review shall be designated as Attorneys-Eyes Only.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of June 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge